IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03013-BNB

DAWANE MALLETT,

    Applicant,

v.

RANDY DAVIS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 1 2010

GREGORY C. LANGHAM
                CLERK

ORDER OF DISMISSAL

Applicant, Dawane Mallett, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX) in Florence, Colorado. Mr. Mallett initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis*.

On February 2, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On February 23, 2010, Respondent filed a preliminary response. Mr. Mallett submitted a reply on March 3, 2010.

The Court must construe Mr. Mallett's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

In the Application, Mr. Mallett asserts three claims. First, he alleges that his Fifth Amendment right to due process was violated when he was transferred to ADX without receiving a hearing. Application at 3. Second, he alleges that his Eighth Amendment right to be free from cruel and unusual punishment is being violated because prison officials at ADX routinely deny mental health treatment to inmates with severe mental illnesses, presumably including Mr. Mallett. *Id.* Third, he alleges that prison officials are violating the Second Chance Act by refusing to release him to a residential re-entry center. Application at 4.

Respondent argues that Mr. Mallett has failed to exhaust BOP administrative remedies before seeking federal court intervention. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Mallett. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program

2

allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

With respect to Mr. Mallett's first claim, Respondent has provided evidence that demonstrates Mr. Mallett has failed to exhaust fully his administrative remedies. In

3

Administrative Remedy (AR) No. 550150, Mr. Mallett raised claims regarding his transfer to ADX without a due process hearing. *See* Prelim. Resp. at Exhibit A; Attach. 3. The record demonstrates that AR No. 550150 was filed at the institutional level (BP-9) on July 30, 2009, and rejected on August 4, 2009, because it was not filed within the time limits established by BOP policy. *Id.* AR No. 550150 was then filed at the regional level (BP-10) on August 19, 2009, and was denied on August 19, 2009, again on the grounds that the request was untimely. *Id.* Finally, AR No. 550150 was appealed to the national level (BP-11) on September 11, 2009 and was rejected on October 29, 2009 on the grounds that it had been improperly filed. *Id.* With respect to the issues that Mr. Mallett raises in his first claim, he has failed to follow the proper procedures for exhausting his administrative remedies, and as a result, he has not received a response on the merits of his claim from the BOP. However, the exhaustion requirement is satisfied only through proper use of the available administrative procedures, which requires compliance with the agency's deadlines and other critical procedural rules. *See Woodford*, 548 U.S. at 90-91. Accordingly, having considered the record, the Court finds that Mr. Mallett failed to exhaust his administrative remedies with regard to the issues he raises in his first claim.

With respect to Mr. Mallett's second claim, Respondent has also provided evidence that demonstrates Mr. Mallett has failed to exhaust fully his administrative remedies. In AR No. 531816, Mr. Mallett raised claims concerning the treatment of inmates with mental health issues at ADX. *See* Prelim. Resp. at Exhibit A; Attach. 5. However, the record demonstrates that AR No. 531816 was filed at the institutional

4

level (BP-9) on March 23, 2009, and closed on April 6, 2009. *Id.* at Attach. 2, p. 5. The record further demonstrates that Mr. Mallett did not file any further appeals with respect to AR No. 531816. *Id.*

In AR No. 551640, Mr. Mallett likewise complained about the treatment of inmates with mental health issues at ADX. The record demonstrates that AR No. 551640 was filed at the institutional level (BP-9) on August 13, 2009 and appealed to the regional level (BP-10) on September 8, 2009. *Id.* Mr. Mallett's regional appeal was denied on October 19, 2009. *Id.* Mr. Mallett filed an appeal of AR No. 551640 to the national level (BP-11) on November 27, 2009. *Id.* at 7. However, the appeal was rejected on January 7, 2010, on the grounds that Mr. Mallett failed to submit it in proper form. *See* Exhibits submitted by Petitioner on February 16, 2010 (Doc. # 9) at p. 9. In the rejection notice, Mr. Mallett was informed that he was permitted to resubmit his appeal in proper form within fifteen days. *Id.* The record reflects that Mr. Mallett failed to resubmit a national appeal with respect to AR. No. 551640. *See* Prelim. Resp. at Attach. 2, p. 7. Accordingly, having considered the record, the Court finds that Mr. Mallett failed to exhaust his administrative remedies with regard to the issues he raises in his second claim.

With respect to Mr. Mallett's third claim, Respondent has again provided evidence that demonstrates Mr. Mallett has failed to exhaust fully his administrative remedies. In AR No. 570017, Mr. Mallett complained that he was refused his rights guaranteed under the Second Chance Act, including placement in a Residential Re-Entry Center. *See* Prelim. Resp. at Ex. A, p. 7. The record demonstrates that AR No.

570017 was filed at the institutional level (BP-9) on December 22, 2009 and appealed to the regional level (BP-10) on January 15, 2010. *Id.* at Attach. 2, p. 7. The regional level appeal was rejected on January 15, 2010 because Mr. Mallett failed to provide a copy of the BP-9 form or response from the Warden. *Id.* at Attach. 7. Mr. Mallett was directed to resubmit the regional level appeal in proper form within fifteen days of the rejection notice. *Id.* at Ex. A, p. 7. The record reflects that Mr. Mallett failed to resubmit his regional level appeal in proper form and failed to file an appeal to the national level (BP-11). *Id.* at Attach. 2, p. 7. Accordingly, having considered the record, the Court finds that Mr. Mallett failed to exhaust his administrative remedies with regard to the issues he raises in his third claim.

Mr. Mallett has failed to complete the administrative remedy process with regard to the claims that he raises here. Mr. Mallett may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 20th day of April, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03013-BNB

Dawane Arthur Mallett
Reg No. 13944-097
ADX - Florence
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/21/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk